# Wytheville.

## STAPLES & STAPLES, INC., v. R. H. HERVEY.

### June 15, 1922.

1. MASTER AND SERVANT—*Drummers—Construction of Contract by Sales-man for Guaranteed Salary, Commissions and Traveling Expenses—Case at Bar.*—A contract between a salesman and his employer provided that the employer guaranteed the salesman a salary of $200 per month, to be charged to his account and deducted when making settlement for commissions due. The employer also agreed "to advance necessary funds to cover traveling expenses, same to apply against commissions and be deducted when making settlements." The contract further provided that the employer would make settlements for commissions where they exceeded advancements.

   *Held:* That, under this contract, the employer absolutely guaranteed the salesman a salary of $200 per month, irrespective of the commissions earned; that the employer was under obligation to advance the necessary funds to cover traveling expenses, limited, however, to the amount of commissions which were actually earned.

Error to a judgment of the Law and Equity Court of the city of Richmond, in a proceeding by motion for a judgment for money. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*R. Grayson Dashiell,* for the plaintiff in error.

*A. H. Sands* and *John B. Swartwout,* for the defendant in error.

PRENTIS, J., delivered the opinion of the court.

This case involves the construction of a contract between Staples & Staples, Inc., hereinafter called the employer, and R. H. Hervey, hereinafter called the salesman, the pertinent clauses of which read thus:

"First: Staples & Staples, Inc., guarantee R. H. Hervey a salary of $200.00 per month, same to be paid if requested and to be charged to his account and deducted when making settlement for commissions due.

"Second: Staples & Staples agree to advance necessary funds to cover traveling expenses, same to apply against commissions and be deducted when making settlements.

"Fifth: Staples & Staples, Inc., will make settlements for commissions where they exceed advancements on a month basis, same to commence sixty days from date of contract."

And their agreement might be terminated on or after thirty days' notice in writing.

If the adventure had been successful and the expectations of the parties had been realized, the commissions due to the salesman would have very greatly exceeded the aggregate of the guaranteed salary and expenses, and it is not probable that any question as to the proper construction of the contract would have arisen. The venture, however, was very unsuccessful, and after the employment had lasted five months the commissions actually earned by the salesman amounted to only $600, whereas his traveling expenses amounted to $916.17, while the employer had advanced to him on account of salary and traveling expenses $1,400. The agreement was dissolved by mutual consent, and the salesman sued his employer for $516.17, that being the difference between the amount of his traveling expenses, $916.17, and the $400 which had been advanced on that account.

The employer denied liability and claimed that inasmuch as the guaranteed salary only amounted to $1,000 while $1,400 had been advanced it owed noth-

ing to the salesman, but that his indebtedness to it amounted to $400, for which it prayed judgment.

The trial court resolved the dispute by an oral instruction to the jury, which reads thus:

"This is a paper embodying an agreement between the plaintiff and the defendants, providing for the service of the plaintiff as a salesman. It provides in the first clause that the plaintiff is guaranteed a salary of $200.00 per month, same to be paid if requested and to be charged to his account and deducted when making settlement for commissions due. There is no misunderstanding of that language. They agree to pay him a guaranteed salary of $200.00 a month, subject to no deductions on any account except to be taken in connection with his commissions. The fifth section of the contract states exactly how that shall be carried out. 'Staples & Staples, Inc., will make settlement for commissions where they exceed advancements on a month's basis, same to commence sixty days from date of contract.' Therefore, no commissions are to be paid unless they exceed $200.00 a month guaranteed salary. The manifest meaning of that is for the agent to get a living salary of $200.00 a month, guaranteed salary, and if his commissions exceed the $200.00 a month he is to get his commissions in addition. That is plain from that contract. In addition to that, the contract says that Staples & Staples agree to advance necessary funds to cover traveling expenses. There the divergence from the guarantee is plain. It is a mere advancement, same to apply against commissions and be deducted when making settlements, emphasizing the fact that the guaranteed salary was not to be commingled with the expenses, but the expenses were to apply only against the commissions. Now, that is likewise covered by

this fifth clause that settlement will be made for commissions where they exceed advancements. Advancements there would cover both the guaranteed salary and the traveling expenses because the first clause states that the guaranteed salary may be paid in advance if requested, showing that it was contemplated that it might be advanced. If it is not advanced to him, the money accumulates to his credit. That being so, the application of this paper to this case is perfectly manifest. The plaintiff, being in the employ of the firm for five months, he gets a salary of $1,000.00. It being agreed that the commissions were only $600.00 there was nothing to be added to the $1,000.00. It being further agreed that the traveling expenses were to be advanced and were to come out of his commissions, as the commissions amounted to $600.00 and they advanced $400.00, there remains a balance of $200.00. That is all the case as far as this contract is concerned.

"I can instruct the jury orally that the guaranteed salary is subject to no deductions on account of commissions and that if they believe from the evidence that $600.00 was earned in shape of commissions and $400.00 advanced for traveling expenses, then they will find a verdict for the plaintiff for $200.00. That will cover my construction of the contract."

Pursuant to this instruction there was a verdict and judgment in favor of the salesman for $200.

This interpretation of the contract can be fairly based upon the language of the contract itself, as well as upon the testimony of one of the employer's witnesses, D. D. Staples, as indicated by this question and answer:

"The Court: The only question in this case is as to what was the contract between you and the plaintiff,

or what was so much of it as bore upon the compensation which the plaintiff was to receive—what was that contract?

"A. The contract was that we were to guarantee him a salary of $200.00 a month and to advance him traveling expenses to apply against his commissions, not figuring for one instant that he wouldn't earn more in commissions—more than enough to pay his traveling expenses many times. No provision was put in as applying against his personal account because a man that couldn't sell these and pay for his traveling expenses was a man that wouldn't be profitable to stay with us."

It is apparent, then, that the trial court construed the first clause as an absolute guarantee of a salary of $200 per month, and this without any reference whatever to the amount of the commissions which might be earned, although both parties were confident that the commissions would greatly exceed the amount of such guaranteed salary. Then, coming to the traveling expenses, the court declined to adopt the contention of either of the parties, but separating the expenses from the guaranteed salary account, held that the employer was under obligation to advance the necessary funds to cover traveling expenses, limited, however, to the amount of commissions which were actually earned, $600. Construing the contract thus, there was a balance in favor of the salesman which he has recovered.

While the case is not free from difficulty, we are of opinion to affirm the judgment for the reasons indicated by the learned judge of the trial court.

*Affirmed.*

Sims and Burks, JJ., concur in result.